An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY LAVELLE-TAYLOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63321

FILED

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree kidnapping. Second Judicial District Court, Washoe County; David A. Hardy, Judge. Appellant Rodney Lavelle-Taylor raises four errors.

First, Lavelle-Taylor contends that there was insufficient evidence to support his conviction because he did not directly commit the offense, the victim voluntarily accompanied him, and he was merely present during the incidents in question. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Here, evidence was presented that the victim, a homeless drug addict, went to the Keno Motel in downtown Reno to find drugs to sell and use. While there, the victim was introduced to a woman named "Taz" who worked as a prostitute and her boyfriend Lavelle-Taylor who were selling methamphetamine. The victim feigned interest in also becoming a prostitute and got high on methamphetamine with Taz and Lavelle-Taylor in their motel room. After getting high, the victim attempted to sell

14-23770

narcotics for her new companions but failed to find a buyer. When she returned to the motel room empty-handed she told Taz and Lavelle-Taylor that she could not work as a prostitute for them and asked how much she owed them for the methamphetamine she used the night before. Lavelle-Taylor told the victim that she owed him $500 and that she was going to prostitute and not leave "until it was done." The victim believed she had only used $60 worth of methamphetamine. Although Lavelle-Taylor told her she could not leave, the victim left the motel room and told another associate in the motel about her predicament. The associate gave her a few dollars and encouraged her to get on a bus and leave the area. Instead, the victim returned to the motel room to collect her belongings which included the hypodermic needles that she used to get high. Lavelle-Taylor and Taz told the victim she could not have her belongings back and again told her that she could not leave. Later, Taz repeatedly punched the victim in the head and gave the victim's estranged husband permission to sexually assault her in the motel bathroom. Taz also showed the victim a Taser electroshock weapon, claimed to keep a handgun under the mattress, and told the victim that they were going to take her to California, make her a prostitute, and then Taz was going to kill her. Another witness testified that Taz called the victim a "hostage." Lavelle-Taylor and Taz placed the bed against the door and rearranged the other furniture so that the victim could not escape. The following day, Taz and Lavelle-Taylor took the victim to the greyhound bus station where they unsuccessfully attempted to purchase three bus tickets to San Francisco. Short on money, the pair took the victim to another motel. There, the victim mouthed "help me" to a man at the front desk, ran into the manager's office when he opened the door, and begged him to call the police. When the manger called the police, Taz and Lavelle-Taylor fled. According to the victim, throughout the incident Lavelle-Taylor was

"backing" Taz up and "basically enforcing what she says. So if I did try to get away, he would go after me." On one occasion, Lavelle-Taylor told the victim, "just listen to Taz, don't say anything, and everything will be fine."

We conclude that a rational juror could infer from these circumstances that Lavelle-Taylor directly committed second-degree kidnapping. *See* NRS 195.020; NRS 200.310(2). The jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the conviction. *Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *Buchanan v. State,* 119 Nev. 201, 217, 69 P.3d 694, 705 (2003) (circumstantial evidence alone may sustain a conviction).

Second, Lavelle-Taylor contends that the district court erred by failing to give a mere presence jury instruction sua sponte. "Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial." *Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996). Lavelle-Taylor has not demonstrated that the absence of a mere presence jury instruction was so patently prejudicial that the district court was required to issue this instruction sua sponte to protect his right to a fair trial.

Third, Lavelle-Taylor contends that the district court erred by admitting evidence that the victim was sexually assaulted by her estranged husband while she was in Taz and Lavelle-Taylor's motel room. Lavelle-Taylor failed to object and we review for plain error. NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). Lavelle-Taylor has the burden of establishing that the district court erred, this error was plain or clear from the record, and the error affected his substantial rights. *Green*, 119 Nev. at 545, 80 P.3d at 95. Instead of persuading this court, however, Lavelle-Taylor admits that the prohibitions discussed in *Tinch v. State*, 113 Nev. 1170, 946 P.2d 1061

SUPREME COURT
OF
NEVADA

(O) 1947A

(1997), and *Bigpond v. State*, 128 Nev. ___, 270 P.3d 1244 (2012), "do not explicitly apply." We agree. Moreover, it is not plain or clear from the record that the evidence of sexual assault was not admissible under the res gestae doctrine or that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *See* NRS 48.035(1), (3). Lavelle-Taylor has not demonstrated that the district court plainly erred.

Fourth, Lavelle-Taylor contends that the district court erred by allowing a police officer to testify about "street culture" and "street logic." Lavelle-Taylor failed to object and we review for plain error. NRS 178.602; *Green*, 119 Nev. at 545, 80 P.3d at 95. Lavelle-Taylor contends that the officer lacked sufficient personal knowledge about these topics to offer his opinion on the subject. However, because Lavelle-Taylor failed to object or voir dire the witness, this court has no information about the officer's personal knowledge to substantiate the alleged error. Therefore, Lavelle-Taylor has not demonstrated plain error.

Having considered Lavelle-Taylor's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. David A. Hardy, District Judge
Richard F. Cornell
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk